[S. F. No. 9017. In Bank.—August 26, 1919.]

UNITED STATES FIDELITY & GUARANTY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, etc., et al., Respondents.

[1] Workmen's Compensation Act—Death in Automobile Accident—Alleged Violation of Motor Vehicle Act—Circumstantial Evidence—Insufficiency to Annul Award.—An award of compensation under the Workmen's Compensation Act for the death of an employee, who was killed while driving an automobile in the course of his employment, will not be annulled on the ground that at the time of the accident the deceased was driving at a rate of speed of more than thirty miles per hour in violation of the Motor Vehicle Act, where the evidence of such excessive speed was wholly circumstantial, since the commission was not bound to decide in accordance with such evidence, particularly in view of the presumption of law that the deceased was not committing a crime.

PROCEEDING to review an award of the Industrial Accident Commission. Affirmed.

The facts are stated in the opinion of the court.

Thomas, Beedy & Lanagan for Petitioner.

Christopher M. Bradley for Respondents.

WILBUR, J.—Respondent Commission made an award in favor of the heirs of Joe Marazzo, an employee of Bisceglia Brothers Canning Company. Marazzo was killed while driving an automobile on his return from San Felipe Rancho to San Jose. The only point made by the petitioner is based upon the claim that at the time of the accident the deceased was driving more than thirty miles an hour, in violation of the Motor Vehicle Act, and that, therefore, he was not engaged in the course of his employment. The commission found that the deceased was engaged in the course of his employment at the time of his death, and if we assume, as contended by the petitioner, that the fact that the deceased was violating the Motor Vehicle Act by exceeding the speed limit took him out of the course of his employment, then the finding is, in effect, a finding that the deceased was not ex-

ceeding the speed limit. The petitioner applied for a rehearing before the commission, averring "that all the evidence supports but one inevitable finding, that said automobile was being operated at a rate of speed in excess of thirty miles per hour; . . . that the death of the deceased was caused by accident which was due to driving said automobile at a speed in excess of thirty miles per hour." In the order denying the rehearing the commission found "that the allegation that the said injury was caused by driving in excess of thirty miles per hour, in violation of the statute and orders of the employer was not substantiated by the evidence." The commission having found, in effect, that the deceased was not violating the law with reference to speed, the question for our consideration is whether there was substantial evidence to support the finding. It is true that there was evidence offered tending to show that the speed exceeded thirty miles an hour. This evidence was wholly circumstantial, and consisted in showing the power and the condition of the capsized automobile, and of marks upon the highway, showing that the automobile had swerved from the paved portion thereof, first to the right and then to the left, and had skidded about ninety feet before overturning. Witnesses testified that the automobile—a heavy two-ton Hudson Super Six—in their opinion must have been going at a rate of speed in excess of thirty miles an hour. It was conceded by these witnesses, however, that such marks as were found upon the highway might have been made by such an automobile going thirty miles an hour or less. [1] The commission was not bound to decide in accordance with the opinion evidence. It was its duty to pass upon the evidence and decide the fact, and we cannot say that the circumstantial evidence of excessive speed is sufficiently compelling to justify us in annulling the award as unsupported by the evidence, particularly in view of the presumption of law that the deceased was not committing a crime, viz., violating the Motor Vehicle Act.

The award is affirmed.

Angellotti, C. J., Lennon, J., Melvin, J., and Lawlor, J., concurred.

SHAW, J.—I concur in the judgment, but for reasons different from those stated by Mr. Justice Wilbur. In my

opinion the evidence showed conclusively that the automobile was going at a rate exceeding the lawful limit of thirty miles an hour at the time it overturned. The marks upon the highway were of a character that could not have been made unless the speed was in excess of that limit. There is no direct evidence, however, tending to prove that Marazzo was knowingly driving in excess of the speed limit. The accident occurred about 11 o'clock at night. He may not have been able to see the speed gauge of the automobile, assuming that there was one, owing to the darkness. The difference between a speed in excess of thirty miles an hour and a speed under that rate, especially at night, is often imperceptible to those in the vehicle. The fact that the accident which caused the injury was the result of willful negligence of the injured employee is not a defense to an application for an award under the Workmen's Compensation Act of 1917, when the injury causes his death. The act does not provide that the employer shall not be liable where the act of the employee which causes death is a violation of law. The theory that such fact is a defense can only be sustained upon the general principle that no one can be allowed to receive the benefit of the workmen's compensation law for an injury resulting from a violation of some other law by the injured party. I do not say that such principle should be laid down as a matter of public policy in such cases as the one at bar. The act does not so declare, and it would seem to be a matter of policy properly within the control of the legislature. But if such principle should prevail, I think that, as applied to this law, it should be limited to cases where the act of the employee was either morally vicious in itself, as well as a violation of express law, or a conscious violation of a law that is merely prohibitory in character. Nothing of the kind appears, and, therefore, the evidence sustains the award.

Olney, J., concurred.